**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**



| | |
|---|---|
| **AMARJIT SINGH NIJJAR,** | No. 11-73467 |
| Petitioner, | Agency No. A072-136-816 |
| v. | |
| **LORETTA E. LYNCH, Attorney General,** | **MEMORANDUM**<sup>*</sup> |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2017**
San Francisco, California

Before:    **KOZINSKI**, **PAEZ** and **CLIFTON**, Circuit Judges.

**1.** We deny Nijjar's petition for review of the agency's denial of his

applications for asylum and withholding of removal because the agency's adverse

credibility finding was supported by substantial evidence.  See <u>Farah</u> v. <u>Ashcroft</u>,

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  <u>See</u> Fed. R. App. P. 34(a)(2).

348 F.3d 1153, 1156 (9th Cir. 2003). He submitted three asylum applications under an admittedly false alias and one subsequent asylum application with a different date and location of entry into the United States. See id. (upholding immigration judge's adverse credibility finding when it "went to key elements of the asylum application, including identity . . . and date of entry in the United States").

Nor were the inconsistencies limited to Nijjar's conduct while he was in the United States. His testimony contained a material omission about his involvement with a political organization. And his written applications were inconsistent as to the number of times the Punjab police arrested him and the duration of each detention. These discrepancies all went to the heart of the alleged claim, which is required in this pre-REAL ID Act case. See Chebchoub v. I.N.S., 257 F.3d 1038, 1043 (9th Cir. 2001) (finding in a pre-REAL ID Act case that inconsistencies "about the events leading up to his departure and the number of times he was arrested" were not minor), superseded by statute as stated in Shrestha v. Holder, 590 F.3d 1034, 1046 (9th Cir. 2010).

**2.** In light of the well-supported adverse credibility determination, Nijjar's Convention Against Torture (CAT) claim also fails because it is based on the same

set of factual circumstances as his asylum and withholding of removal claims. See

Farah, 348 F.3d at 1157 (affirming denial of asylum and CAT claims based on

adverse credibility determination where applicant pointed to no additional evidence

relevant to the CAT claim).

3. The agency properly denied Nijjar's application for adjustment of status

because Nijjar failed to show that he was "inspected and admitted or paroled" into

the country. 8 U.S.C. § 1255(a). Nijjar's asylum applications, as well as his wife's

visa petition on his behalf, indicated that he entered "without inspection." He

blames the allegedly erroneous designation on the individuals who prepared his

petition and applications and argues that the government database printout he

obtained via a Freedom of Information Act request provides contrary evidence.

But the printout lists his manner of entry as "EWI," meaning entry without

inspection.

4. Substantial evidence supports the agency's determination that Nijjar gave

false testimony and, therefore, lacked the requisite good moral character to be

eligible for voluntary departure. See 8 U.S.C. § 1101(f)(6) (stating that "one who

has given false testimony" is per se deemed to lack good moral character).

**5.**  We lack jurisdiction to review Nijjar's challenge to his deportability because he failed to raise this issue to the Board of Immigration Appeals.  See 8 U.S.C. § 1252(d)(1); Barron v. Ashcroft, 358 F.3d 674, 677 (9th Cir. 2004).

**DENIED.**